IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PNC BANK, National Association, Successor in Interest by Merger to National City Bank,<br>　　　Plaintiff,<br><br>v.<br><br>BOYD OBSTETRICS & GYNECOLOGY, S.C., an Illinois Corporation; W. MARC BOYD, JR.,<br>　　　Defendants. | Case No. 1:14-cv-01203-MMM-JEH |

**Order**

Now before the Court is the Defendants' Motion to Release Funds Being Held by the State Bank of Speer (Doc. 35).  The Plaintiff PNC Bank filed its Response (Doc. 37) and for the reasons set forth below, the Defendants' Motion is DENIED.

**I**

On September 12, 2014, the Court entered an Amended Judgment in favor of the Plaintiff, PNC Bank, National Association, Successor in Interest by Merger to National City Bank, a Delaware Corporation, and against the Defendants Boyd Obstetrics & Gynecology, S.C., an Illinois Corporation and W. Marc Boyd, Jr. in the amount of $208,153.10 and interest from the date of judgment as allowed by law and $1,145.80 in attorneys' fees and costs.  On October 7, 2014, the Court directed the Clerk to issue Citations to Discover Assets to Boyd Obstetrics & Gynecology, S.C. and W. Marc Boyd, Jr.  The Defendants filed their Motion to Release Funds Being Held by the State Bank of Speer on October 20, 2014.  The

1

Citation Hearing has still not occurred, as the hearing has been continued to January 9, 2015 upon the Plaintiff's oral motion.

In the Defendants' Motion to Release Funds, they explain that upon the State Bank of Speer's receipt of the Notice of Third Party Citation concerning Boyd Obstetrics & Gynecology (BOG), the State Bank of Speer froze all of BOG's assets in its possession that are not exempt under the law. BOG maintains a corporate checking account at the State Bank of Speer and as of September 29, 2014, the corporate checking account had a balance of $13,646.58. The Defendants argue that the Plaintiff is not entitled to the assets being held in the possession of the State Bank of Speer because PNC Bank does not hold a first priority position with respect to any of BOG's assets, which include those assets at the State Bank of Speer. Instead, the Defendants argue that the State Bank of Speer is the holder of the first priority position with respect to BOG's assets as a result of an assignment between Citizens Equity First Credit Union and the State Bank of Speer.

The Plaintiff counters that the requested "release" of the freeze on the Speer checking account cannot be granted because Speer must either swipe the subject funds and apply them to the outstanding amounts due to Speer, or it must turn over the funds to PNC. The Plaintiff argues that the funds cannot simply be released. The Plaintiff also argues that the Motion should be denied because there is no evidence as to Speer's alleged lien where it has not filed an adverse claim as to the subject funds as required by 735 ILCS 5/2-1402(g) and 735 ILCS 5/12-710[1], and where it is possible that Speer's alleged lien has been extinguished.

---

[1] Federal Rule of Civil Procedure 69(a)(1) provides that, "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state

**II**

The Defendants' Motion is denied for two reasons. First, the Defendants are not the proper parties to file a motion to release funds held by the State Bank of Speer. Speer itself has filed nothing in this Court or elsewhere, according to the information available to the Court, which would indicate that it disputes its obligation to freeze BOG's assets at this time. The proper service of a citation to discover assets creates a lien on:

> all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.

735 ILCS 5/2-1402(m)(2); *Cacok v Covington*, 111 F3d 52, 54 (7th Cir 1997). Thus, it was proper for the State Bank of Speer to place a freeze on BOG's assets pending disposition of the citation. Because the State Bank of Speer is the party that froze BOG's assets, Speer would likely be the first party to seek the remedy to release the funds. It is not clear at this time that any other party, such as the Defendants, can properly seek release of the frozen assets when Speer itself did not do so. In seeking the release of the frozen assets, the Defendants are doing so on behalf of Speer, though there is nothing before the Court to indicate that Speer desires such relief or that it cannot seek such relief on its own.

Second, even if the Defendants were the proper parties to bring the Motion to Release Funds, the Defendants fail to provide sufficient information to the Court for it to make a determination on the issue the Defendants raise: whether the State Bank of Speer is the holder of the first priority position (rather than the Plaintiff) with respect to BOG's assets. As the Plaintiff points out, there is

---

where the court is located, but a federal statute governs to the extent it applies." Thus, the citation to Illinois law.

insufficient evidence before this Court as to Speer's alleged lien.  The reason for this insufficiency is at least in part due to the fact that the Motion is premature; the Citation Hearing in this matter has not yet occurred.

The Plaintiff's cited cases only emphasize this fact.  The cited cases resolved the question of how a garnishee must proceed when it finds itself between a judgment creditor and a judgment debtor.  *Maplehurst Farms, Inc v Greater Rockford Energy & Technology Company*, 521 NE 2d 1270, 1271 (Ill App 1988) (judgment creditor contending that the garnishee lost its right to set off by failing to claim the right in its original answer to the garnishment interrogatories and by failing to exercise the right in a timely fashion); *Burke, for Use of Birney v Congress Hotel Co*, 280 Ill App 493, 498-99 (Ill App 1935) (determining that the garnishee lost its right to set off the amount of indebtedness from the judgment debtor against what the garnishee owed debtor when it paid the debtor his salary after its answer was filed in the judgment creditor's garnishment proceedings and during pendency of those proceedings).

These cases reveal that the Defendants' Motion is premature because the cases establish that the State Bank of Speer is not required to do anything with the frozen funds at this time.  The Illinois Appellate Court in *Maplehurst* stated:

> We reject [the judgment creditor's] contention that the [garnishee] was actually required to set off the disputed funds against the debt of [the judgment debtor] *prior to the entry of judgment in the garnishment proceedings* in order to claim a right to set off in those proceedings.  A garnishee may preserve its right to setoff by either *retaining the funds* or applying them against the debt.

*Maplehurst*, 521 NE 2d at 1273 (emphasis added).  Here, as discussed above, the State Bank of Speer merely froze BOG's assets in its possession upon receipt of the Citations to Discover Assets and has done nothing else to assert a priority position as to those assets.  There is also no indication that the State Bank of

Speer has attempted, to use the terms in *Maplehurst* and *Burke*, to "set off" the disputed funds. Ultimately, the Court finds no reason or authority[2] to order the release of BOG's frozen funds in the State Bank of Speer's possession at this time, and especially not on the request of the judgment debtors.

### III

For the reasons set forth above, the Defendants' Motion to Release Funds Being Held by the State Bank of Speer (Doc. 35) is DENIED.

Entered on November 26, 2014.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[2] The Defendants did not cite to any case law or statutes in support of their Motion to Release Funds.