IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PNC BANK, National Association Successor in Interest by Merger to National City Bank,<br>    Plaintiff,<br><br>v.<br><br>BOYD OBSTETRICS & GYNECOLOGY, S.C., an Illinois Corporation; W. MARC BOYD, JR.,<br>    Defendants. | Case No. 1:14-cv-01203-MMM-JEH |

**Order**

Now before the Court is the Plaintiff's Motion for Turnover of Funds (Doc. 45). The Third Party Respondent, State Bank of Speer, filed its Objection (Doc. 50) to Plaintiff's Motion for Turnover of Funds and for the reasons set forth below, the Plaintiff's Motion is GRANTED IN PART and MOOT IN PART.

**I**

After the Court entered an Amended Judgment in favor of the Plaintiff, PNC Bank, National Association, Successor in Interest by Merger to National City Bank, a Delaware Corporation (PNC), and against the Defendants Boyd Obstetrics & Gynecology, S.C., an Illinois Corporation (BOG) and W. Marc Boyd, Jr. (Boyd) in the amount of $208,153.10 and interest from the date of judgment as allowed by law and $1,145.80 in attorneys' fees and costs, the Court directed the Clerk to issue Citations to Discover Assets to Boyd Obstetrics & Gynecology, S.C. and W. Marc Boyd, Jr. After the State Bank of Speer (Speer) received the Notice of Third Party Citation concerning BOG, Speer froze all of BOG's assets in its

possession that are not exempt under the law. BOG maintains a corporate checking account at Speer and as of September 29, 2014, the account had a balance of $13,346.58. On November 26, 2014, this Court denied the Defendants' Motion to Release Funds Being Held by the State Bank of Speer ([Doc. 35](Doc. 35)) for the reasons that the Defendants were not the proper parties to file a motion to release funds held by Speer and that, even if the Defendants were the proper parties to bring the Motion to Release Funds, they failed to provide sufficient information to the Court for it to make a determination on the issue the Defendants raised, namely, whether Speer was the holder of the first priority position (rather than the Plaintiff) with respect to BOG's assets.

Speer then filed a Claim Against Accounts ([Doc. 40](Doc. 40)) requesting that the Court enter an order that Speer held a priority lien against the BOG corporate checking account, and that Speer was free to apply the funds in the account against its loans with the Defendants. On December 30, 2014, while Speer's Claim Against Accounts was still pending, PNC filed a Motion for Turnover of Funds ([Doc. 45](Doc. 45)) in which it requests that the Court enter an order: 1) finding that PNC provided sufficient notice of its Motion to Barbara Boyd (W. Marc Boyd's wife); 2) directing Speer to turn over to PNC all funds in its possession belonging to Boyd; 3) to the extent that the Speer Claim Against Accounts is denied, finding service of its Motion to Jeffrey Green (a third party who filed a UCC lien against BOG's funds) sufficient; and 4) again directing Speer to turn over to PNC all funds in its possession belonging to BOG. In Paragraph 7 of PNC's Motion for Turnover, PNC states that, "To the extent Speer's Claim is denied, Plaintiff requests this Court enter an order directing Speer to turnover [sic] the BOG Funds to Plaintiff." ([Doc. 45 at pg. 2](Doc. 45 at pg. 2)).

On January 14, 2015, this Court granted Speer's Claim Against Accounts (filed as a Motion for Release of Funds) for the reason that Speer holds a priority

lien against the BOG corporate checking account maintained by BOG at the State Bank of Speer. This Court then explained that Speer was accordingly free to apply the funds in the BOG corporate checking account maintained at the State Bank of Speer against its loans with the Defendants.

On January 16, 2015, Speer filed its Objection ([Doc. 50](Doc. 50)) to PNC's Motion for Turnover in which it lists the loans provided by Speer to Defendants and the loans provided by CEFCU to Defendants, and it details the assignment of the CEFCU loans to Speer. In its Objection, Speer argues that PNC's Motion for Turnover should be denied because the State Bank of Speer and not PNC is entitled to the funds being held. Speer also argues that the Court's January 14, 2015 Order granting Speer's Claim Against Accounts renders moot PNC's Motion for Turnover of Funds.

## II

### A

In light of the relevant procedural history set forth above, Speer is correct that PNC's Motion for Turnover of Funds is now moot to the extent it seeks an order directing the State Bank of Speer to turn over to PNC all funds in its possession belonging to Boyd. Indeed, PNC alluded to that result when it stated in its Motion for Turnover that, "*To the extent Speer's Claim is denied*, Plaintiff requests this Court enter an order directing Speer to turnover [sic] the BOG Funds to Plaintiff." (emphasis added). In its November 26, 2014 Order denying the Defendants' Motion to Release Funds, the Court articulated how a garnishee must proceed when it finds itself between a judgment creditor (here, PNC) and a judgment debtor (here, Boyd and BOG).

Unlike the garnishees in the cases cited within the November 26, 2014 Order, here, Speer properly retained the funds at issue (it froze BOG's assets in its possession) and then properly sought the release of them in order to apply

3

them against Speer's loans with the Defendants. See [Maplehurst Farms, Inc v Greater Rockford Energy & Technology Company, 521 NE 2d 1270, 1271 (Ill App 1988)](#) ("A garnishee may preserve its right to setoff by either retaining the funds or applying them against the debt"). The determination in the Court's January 14, 2015 Order that Speer held the priority lien was the fatal blow to PNC's Motion for Turnover and dictates the finding that the Motion for Turnover is now moot; there is no longer a dispute over who is entitled to access the BOG corporate checking account maintained at the State Bank of Speer. Therefore, PNC's Motion for Turnover of Funds is moot to the extent it seeks an order directing the State Bank of Speer to turn over to PNC all funds in Speer's possession belonging to Boyd.

**B**

The Court does, however, grant that portion of PNC's Motion for Turnover which requests that the Court find PNC provided sufficient notice of its Motion to Barbara Boyd and Jeffrey Green[1] under [735 ILCS 5/12-710](#) and [735 ILCS 5/2-1402(g)](#). Here, PNC served Boyd's attorney with the Motion for Turnover, served Barbara Boyd with the Motion via certified mail, and represents that it also served her via regular mail. See ([Doc. 51](#)). PNC served Jeffrey Green by substitute service and PNC also represents that it served Green via regular and certified mail at the address listed on his UCC statement. See ([Doc. 47](#)). Neither the Defendants nor Speer take issue with the service made upon Barbara Boyd or Jeffrey Green, and there is no indication in the record or within the research the Court conducted that the means PNC used to provide

---

[1] Because of the language PNC used in making its request to deem service of its Motion on Green sufficient ("[T]o the extent the Speer Claim is denied, finding service of this motion to Jeffrey Green sufficient . . . ."), it is unclear whether PNC still requests the Court to determine whether service of its Motion to Green was sufficient where Speer's Claim Against Accounts was granted. For the sake of completeness, the Court addresses that request in this Order.

4

Barbara Boyd and Jeffrey Green with notice was insufficient. Under the guidance of 735 ILCS 5/12-710(a), the Court finds that PNC provided sufficient notice of its Motion for Turnover of Funds to Barbara Boyd and Jeffrey Green. See 735 ILCS 5/12-710 ("A claimant not voluntarily appearing shall be served with notice *as the court shall direct*") (emphasis added).

## III

For the reasons set forth above, the Plaintiff's Motion for Turnover of Funds (Doc. 45) is GRANTED IN PART and MOOT IN PART. The Motion is granted insofar as the notice the Plaintiff provided to Barbara Boyd and Jeffrey Green was sufficient notice of its Motion under 735 ILCS 5/12-710 and 735 ILCS 5/2-1402(g). The Motion is moot insofar as the Plaintiff requests an order directing Speer to turn over to PNC all funds in its possession belonging to Boyd. Entered on February 3, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE